

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 29, 1960

Honorable Jesse James
State Treasurer
Austin, Texas

Opinion No. WW-809

Re: Whether "Capehart Notes"
are eligible for pledge
to the Treasurer as se-
curity for deposit of
State funds in a State
Depository.

Dear Mr. James:

You request our opinion on:

"Whether Deed of Trust notes, often
called 'Capehart Notes', issued under
the provisions of the National Housing
Act are eligible for pledge to the
Treasurer of the State of Texas as se-
curity for deposit of State funds in a
State Depository?"

A "Capehart Note" arises from construction activi-
ties under the Armed Services Housing and Insurance Act of
1955, S. 1501, 84th Cong., 1st Sess., otherwise known as the
Capehart Act, which provides a method for financing the con-
struction of housing for military personnel of the Armed
Services of the United States. 42 U.S.C.A. 1594, 12 U.S.C.A.
1748b, 69 Stat. 646.

The actual mechanics of the Capehart financing pro-
cess are complex, but substantially they are these:

The Act authorizes the Secretary of Defense or his
designee to contract with corporate builders to erect hous-
ing units on land under control of the military.

To construct the project the corporate builder first
obtains from private, non-governmental sources funds in the
amount of its bid through the medium of a mortgage on a long-
term lease from the Secretary.

Upon the completion of construction and as soon as the unit is available for occupancy as determined by the Federal Housing Commissioner the corporate builder obtains from a private lending institution a loan secured by a mortgage not exceeding a term of twenty-five years on the lease and building.

Out of those funds the corporate builder retires the construction fund mortgage and the completed project, subject to the mortgage encumbrance thereupon, is conveyed to the Secretary along with the capital stock of the builder corporation. Thereafter the military operates and maintains the housing units. Under the terms of the Act the military pays the principal and interest on the mortgage by withholding quarters allowances of personnel occupying the units.

The Capehart Act authorizes the Federal Housing Commissioner to insure this mortgage.

Additionally, the Act authorizes the Secretary of Defense or his designee to:

> ". . . guarantee the payments of notes or other legal instruments required by the Commissioner of such mortgagors; to make payments thereon . . ." Section 403(c), 69 Stat. 652, 42 U.S.C.A. 1594(c).

In practice the respective Secretary executes a guaranty whereby his Department:

> (1) ". . . guarantees to the payee of said note (said payee being hereinafter referred to as the 'mortgagee') and to the Federal Housing Commissioner, as their interests may appear, the payment, in accordance with the terms of said note, of said advances and interest thereon . . ."

(2) ". . . will, subject to the conditions stated in the foregoing guarantee, make each periodic payment becoming due to the mortgagee on said note . . . in accordance with the terms thereof without any requirement that the mortgagee shall have made a prior demand to the mortgagor-builder for such payment."

The only conditions contained in the "foregoing guarantee" are:

1. "Final endorsement by the Federal Housing Commissioner of the note for mortgage insurance; or

2. Termination of the housing contract for the convenience of the Government prior to the completion of the project."

The net effect of this legal and financial maze is to make the United States Government the mortgagor. Under the Capehart Act and by the tenor of the guaranty by the military branch, the Government is the obligor and primarily responsible for the payment of the principal and interest of the obligation.

The only legal difference, if any there be, between this and U. S. Treasury borrowing is that the obligation assumes the cloak of a mortgage debt of the military department instead of a bond issue by the Treasury.

Article 2529, V.C.S., provides that ". . . bonds and certificates and other evidences of indebtedness of the United States . . ." shall be eligible for pledge as collateral by State depositories to secure the deposit of State funds.

You are advised that legally conforming "Capehart Notes" are "other evidences of indebtedness of the United States" as contemplated by Article 2529, supra, and are eligible for pledge to the State Treasurer as security for deposit of State funds in a State Depository.

## SUMMARY

Legally conforming "Capehart Notes" are eligible under Article 2529, V.C.S., for pledge to the State Treasurer as security for deposit of State funds in a State Depository.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Grundy Williams
Assistant

GW-s

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Fred Werkenthin
John Reeves
William E. Allen
Joe Carroll

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore